IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| KEITH R. ALLIGOOD, | ) | Civil Action No. 5:24-2289-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| UTAS-USA, Ltd d/b/a Armsco Hatfield Gun Company; Walmart Stores East, LP; Sports South, LLC, and Treshawn Jones, | ) ) ) ) | |
| Defendants. | ) ) | |

TO:  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, ORANGEBURG DIVISION:

Defendant Wal-Mart Stores East, LP (named in the Complaint "Walmart Stores East, LP") ("Walmart") submits this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, giving notice of the removal of this action from the Court of Common Pleas, Orangeburg County, State of South Carolina, to the United States District Court for the District of South Carolina, Orangeburg Division. In support of this Notice of Removal, Walmart respectfully shows the Court:

1. Plaintiff Keith R. Alligood ("Plaintiff") filed a Complaint on February 29, 2024, in the Court of Common Pleas, Orangeburg County, State of South Carolina, against Walmart, UTAS-USA d/b/a Hatfield Gun Company ("UTAS-USA"), Sports South, LLC ("Sports South"), and Treshawn Jones ("Jones"). Plaintiff amended his complaint on March 1, 2024 ("Complaint").

2. Walmart has not yet been served, but service is not required for Walmart to remove this action.[1] This notice is filed within 30 days of service on Jones, who consents to the removal.

---

[1] *See Fisher v. Pelstring*, No. CV 4:09-252-TLW-TER, 2009 WL 10664813, at *4 (D.S.C. Sept.

The remaining Defendants have not been served or appeared in this action, so their consent is not required.

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, in that there is complete diversity of citizenship between the Plaintiff and any properly joined Defendants, and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.  Plaintiff's Complaint does not include an amount in controversy but alleges that Defendants' actions caused Plaintiff "severe pain, permanent bodily injury, emotional distress, permanent impairment to the function of his left hand and hearing in his left ear, and loss of enjoyment of life," as well as continued medical and pharmaceutical expense.  (Am. Compl. ¶¶ 14, 27, 130–31).  Plaintiff thus satisfies the amount in controversy requirement of § 1332.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

4.  Upon information and belief, Plaintiff is a citizen of Orangeburg County, South Carolina.  (Am. Compl. ¶ 1).

---

29, 2009) ("[C]ourts have universally held that nothing in § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court." (collecting cases) (collecting cases)); *Delgado v. Shell Oil,* 231 F.3d 165, 177 (5th Cir. 2000) ("We read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.").

5.      Upon information and belief, Defendant UTAS-USA is organized or incorporated under the laws of the State of Illinois with its principal place of business in Des Plaines, Illinois. (Am. Compl. ¶ 2.)

6.      Defendant Wal-Mart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart Inc.  The principal place of business for all entities mentioned is Bentonville, Arkansas.

7.      Defendant Jones is a citizen of Clarendon County, South Carolina.  (Am. Compl. ¶ 4).

8.      Upon information and belief, Defendant Sports South is organized or incorporated under the laws of the State of Louisiana with its principal place of business in Shreveport, Louisiana.  (Am. Compl. ¶ 5).

9.      While Walmart recognizes that Jones was a citizen of the State of South Carolina at the time the Complaint was filed, as explained below, the presence of Jones as a defendant does not defeat diversity jurisdiction because Jones was fraudulently joined.  Jones was merely an employee at a Walmart store in Orangeburg, South Carolina, and did not actively participate in any tortious conduct alleged in the lawsuit.  (Am. Compl. ¶ 8).  Plaintiff alleges that Jones sold the subject gun to him from Walmart's inventory (*id.*) but transacting the sale does not convert Jones to a "seller" subject to a product liability action under South Carolina law.  Plaintiff's claims, therefore, do not exist against Jones.

10.     "The 'fraudulent joinder' doctrine permits removal when a nondiverse party is (or has been) a defendant in the case . . . . This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "Fraudulent joinder requires neither fraud nor joinder. It is a 'term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists.'" *Benson v. Continental Ins. Co.*, 120 F. Supp. 2d 593, 594 (S.D. W. Va. 2000) (quoting *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990)).

11.     Plaintiff has alleged three causes of action, negligence—product defect, strict liability, and breach of warranty.  The three causes of action are directed to "all defendants." However, none is actionable against Jones.

12.     With respect to the negligence cause of action, Plaintiff generally asserts that all Defendants caused him injury and damage in: (a) "designing, testing, manufacturing, distributing, inspecting, and/or selling the subject firearm in a manner that created an unreasonable risk to the user because of the defective state of the firearm's components"; (b) "failing to warn of the dangers associated with malfunction or failure of the subject firearm"; (c) "failing to design, test, manufacture, distribute and/or sell the subject firearm in such a manner that it would operate properly"; and (d) "failing to test or inspect the subject firearm at the point of component manufacture, point of assembly, point of packaging and shipping or point of sale for potentially discoverable defects increasing the firearm's propensity to fail or malfunction."  (Am. Compl. ¶ 19).

13. South Carolina has never imposed liability on a store employee under a negligence theory of product liability. This is because S.C. Code Ann. § 15-73-10 only imposes defective product liability on a *seller* who is "engaged in the business of selling the product." Here, Plaintiff alleges that Jones is an *employee of the seller*, Walmart. (See Am. Compl. ¶ 8 ("Alligood purchased the subject Hatfield .410 shotgun (serial number 410S21-00650) from Defendant Walmart's store in Orangeburg, South Carolina. Treshawn Jones, then an employee at said Walmart store spoke with the Plaintiff and displayed to the Plaintiff an exemplar display model, removed the specific subject firearm from the store's inventory, removed the firearm from packaging, inspected the firearm, recorded the serial number stamped on the firearm, returned the shotgun to its packaging, and processed the sale of the subject firearm.") An hourly store employee, like Jones, is not a "seller," and Jones was certainly not engaged in the business of selling firearms. *See also Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 539, 462 S.E.2d 321, 326 (Ct. App. 1995) ("[U]nder a negligence theory, the plaintiff bears the additional burden of demonstrating the defendant (*seller or manufacturer*) failed to exercise due care in some respect, and, unlike strict liability*, the focus is on the conduct of the seller or manufacturer,* and liability is determined according to fault.") (emphasis added). Accordingly, Plaintiff cannot recover on a negligence-based product liability claim against Jones.

14. Furthermore, as an additional ground, Plaintiff has not alleged any specific duty independently held or breached by Jones. *See Doe ex rel. Doe v. Wal-Mart Stores, Inc.*, 393 S.C. 240, 711 S.E.2d 908, 911 (2011) ("If there is no duty, the defendant is entitled to judgment as a matter of law."); *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp.2d 652, 655 (D.S.C. 2006) ("Generally, there is no common law duty to act . . . . Thus, a person usually incurs no liability when he fails to take steps to protect others from harm not created by his own wrongful conduct.");

5

*see also Allen v. Walmart Stores*, L.L.C., 907 F.3d 170, 182 (5th Cir. 2018) (finding individual Walmart employees who sold a product to a customer could not be liable for negligence because "[f]or the Wal-Mart employees to be individually liable they must have owed [the customer] an independent duty apart from any duty that Wal-Mart owed [customer]").

15. Plaintiff has not alleged any specific product defect Jones knew or had reason to know of when he transacted the sale. See Am. Compl. ¶ 19(d) (alleging Defendants failed to inspect the gun at the "point of sale for potentially discoverable defects increasing the firearm's propensity to fail"). An alleged "potentially discoverable defect" that could increase the risk that the firearm would fail is <u>not</u> a defect known to Jones at the time of sale. A district court in New Mexico analyzed a similar issue and came to the same logical result: a seller of a product has no duty to inspect for product defects unless he has reason to know or knowledge of the defect. *Schmidt v. Int'l Playthings LLC*, 503 F. Supp. 3d 1060, 1122 (D.N.M. 2020) ("Because there is no duty to inspect a product absent knowledge or reason to know that there is a specific defect, there can be no claim of negligence against Short, as a supplier or seller.") Thus, as in *Schmidt*, even if Jones were the "seller"—which he is not—he cannot be liable for negligence based on a product defect alleged in Plaintiff's complaint because there is no allegation he knew of a specific defect. *See Schmidt v. Int'l Playthings LLC*, 503 F. Supp. 3d 1060, 1116 (D.N.M. 2020).

16. With respect to the second cause of action for strict liability, Plaintiff attempts to hold Jones strictly liable, as the Walmart employee who processed the sale, for placing the firearm into the stream of commerce in a defective and dangerous condition. (Am. Compl. ¶¶ 21–24.) Section 15-73-10 of the South Carolina Code "imposes strict liability upon *the manufacturer and seller* of a product for an injury to any 'user or consumer' if the product reaches the user or consumer without substantial change in the condition in which it is sold." *Lawing v. Univar, USA,*

*Inc.*, 415 S.C. 209, 221, 781 S.E.2d 548, 554 (2015).  Again, because Jones was not the manufacturer or seller of the firearm (Am. Compl. ¶ 8), Jones cannot be liable to Plaintiff under a strict liability theory.  *See also Schmidt v. Int'l Playthings LLC*, 503 F. Supp. at 1109 (finding in a product liability action that "there is no possible reason to hold employees of sellers and suppliers strictly liable").

17. With respect to the third cause of action for breach of warranty, Plaintiff alleges all Defendants are generally liable for warranting at the time of sale that the firearm was "fit, safe, in good condition of merchantable quality" for the purpose of hunting or sport shooting.  (Compl. ¶¶ 26–28).  However, a claim for breach of warranty is based on contract, and Plaintiff fails to allege any contract between himself and Jones.  Similarly, to recover for implied breach of merchantability or fitness for a particular purpose, the Plaintiff must first allege that Jones was a "seller."  *See* S.C. Code Ann. §§ 32-6-314, -315; *Wilson v. Style Crest Prod., Inc.*, 367 S.C. 653 n. 7, 662, 627 S.E.2d 733, 738 (2006) ("Only a 'seller' makes a warranty under article 2 of the UCC.")  Plaintiff alleges that Jones is merely the employee of the seller.  *See* Am. Compl. ¶ 8 ("Alligood purchased the subject Hatfield .410 shotgun . . . from Defendant Walmart's store in Orangeburg, South Carolina.  Treshawn Jones, then an employee at said Walmart store . . . processed the sale of the subject firearm.")  Consequently, Plaintiff has no cause of action for breach of warranty against Jones.

18. Therefore, because diversity of citizenship exists between the Plaintiff and Defendants UTAS-USA, Walmart, and Sports South, and because the citizenship of Jones should be disregarded under the fraudulent joinder doctrine, removal of this action is proper.

19. This Notice of Removal is filed with this Court within thirty (30) days after Jones's receipt of the Summons and Complaint.

20.    Copies of all process, pleadings and orders served upon Jones are attached hereto as Exhibit A and incorporated herein by reference.

21.    A copy of this Notice of Removal will be filed with the Clerk of the Orangeburg County Court of Common Pleas and served on all adverse parties, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Walmart, with the consent of Jones, prays that this action be removed to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ DEIRDRE S. MCCOOL
    Deirdre Shelton McCool
    Federal Bar No. 5518
    E-Mail: deirdre.mccool@nelsonmullins.com
    Ashley N. Hawkins
    Federal Bar No. 13837
    E-Mail: ashley.hawkins@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

*Counsel for Defendants Wal-Mart Stores East, LP*

Charleston, South Carolina
April 22, 2024